1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11   ANTHONY RAY MINOR,                1:22-cv-01612-HBK (PC)

12              Plaintiff,             ORDER TO ASSIGN TO DISTRICT JUDGE

13         v.

14   MARGARET MIMMS,                   FINDINGS AND RECOMMENDATIONS
                                       TO DISMISS ACTION FOR FAILURE TO
15              Defendant.             OBEY COURT ORDER AND FAILURE
                                       TO PROSECUTE

16                                     14-DAY DEADLINE
17
18

19         Plaintiff Anthony Ray Minor initiated this action by filing a pro se civil rights complaint

20   under 42 U.S.C. § 1983 on December 15, 2022, while detained in the Fresno County Jail.  (Doc.

21   No. 1).  For the reasons set forth below, the undersigned recommends the District Court dismiss

22   this action for Plaintiff's failure to comply with a court order and/or prosecute this action.

23                              **BACKGROUND**

24         Plaintiff accompanied his pro se complaint with an application to proceed *in forma*

25   *pauperis*.  (Doc. No. 3).  On January 4, 2023, the Court denied Plaintiff's application to proceed

26   *in forma pauperis* without prejudice because it did not comply with § 1915(a)(1)(2) and ordered

27   Plaintiff to resubmit a completed application or pay the $402.00 filing fee within 21 days.  (Doc.

28   No. 5).  The Court warned Plaintiff a recommendation to dismiss the case for failure to prosecute

and/or comply with a court order would issue if he failed to timely comply with the Court's Order.  (*Id.*, at ¶ 5).  The Order was mailed to Plaintiff and not returned. (*See* docket entry dated January 4, 2023).   On February 15, 2023, after Plaintiff failed to timely comply with the January 4, 2023 Order, the Court issued a Show Cause Order.  (Doc. No. 6).  The Show Cause Order was returned to the Court as "undeliverable."  (*See* docket entry dated March 16, 2023).

**APPLICABLE LAW AND ANALYSIS**

### A.  Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

////

**B.  Analysis**

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case.  The January 4, 2023 explained to Plaintiff why his application to proceed *in forma pauperis* was deficient and advised Plaintiff that he would need to submit a completed application to proceed *in forma pauperis* or pay the filing fee in order within 21 days to proceed with this action.  (Doc. 5 at 1, ¶ 2).  To date Plaintiff has failed to comply with the January 4, 2023 Order and time for doing so has expired.

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Because the Court cannot effectively manage its docket if Plaintiff ceases litigating her case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case

3

here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644.  Here Plaintiff has not paid the filing fee nor submitted a proper application to proceed *in forma pauperis* in this action.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The January 4, 2023 Order expressly warned Plaintiff that his failure to comply with the Court's Order would result in a recommendation of dismissal of this action.  (Doc. No. 5 at 2, ¶4).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  The Court attempted to afford Plaintiff an opportunity to cure his noncompliance, but the Court's Show Cause Order was returned as undeliverable.  Thus, it would be futile to issue any further orders to try to gain Plaintiff's compliance.  Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court shall assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court order and failure to prosecute this action, all motions be terminated and the case closed.

### NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    April 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5